UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOLIDAY OLJII ANNA PEDOTTI II,

               Plaintiff,

-against-

MOUNT SINAI; CEPHELD GENEXPERT; ROCHE COBAS LIAT; VETERAN'S AFFAIRS MILITARY HOSPITAL; THE U.S. DEPARTMENT OF DEFENSE; F.D.A. FOOD & DRUG ADMINISTRATION; SOCIAL SECURITY ADMINISTRATION; ERIC A. JOHNSON; JOSE T. BAER; TESS A. SOCCI,

               Defendants.

22-CV-6199 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action purportedly invoking the Court's subject matter jurisdiction. She alleges, "MEDICAL MALPRACTICE: DNA/RNA GENETIC HARVESTING and ILLEGAL HUMAN EXPERIMENTATION." (ECF No. 1 at 1.) By order dated September 13, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (principle that allegations are assumed to be true is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff alleges that the events giving rise to her claims occurred from "MID-NOVEMBER 2021 ('Material Injection') that has lasted through 30 June 2022 ('Illegal Brain Operation') and continues to Date of Filing 19 JULY 2022 with no contact information provided." (ECF No. 1 at 2.) She seeks "8.050.000.000 BILLION USD" in monetary damages.

Plaintiff, *inter alia*, alleges the following:

In the ambulance from Brooklyn (Kent and N. 8th) the Brain Drilling was so severe and painful that I thought I was going to pass away. I was asking for the White House stating: << All I did was write a Peace Treaty >>. Calcium had exploded out of my mouth and I could barely breathe. I was saying: << The last person I kissed was Anthony Damo >> (accurate, late 2021) in case anything happened to me, as the attack was so severe [SEE VIDEO EVIDENCES from 02:00 to 05:45 on 30 JUNE 2022], and that I was proud of everything I had done in my life.

After the last video I took at 05:45 I went outside to find assistance from some local Service or Maintenance Persons. I asked them to call an ambulance, as changing

> location or altitude did not stop drilling into my head. On my way to find help, I found Dry Milk in a Food Basket that I held on my head, and a doll on the sidewalk, that I lost. I lay down under a truck and a Mailbox to try to block the laser while waiting for the Ambulance.

(*Id*. at 2-3.)[1]

## DISCUSSION

### A.   Dismissal of Plaintiff's complaint as frivolous

Plaintiff's complaint, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, is largely conclusory. Plaintiff provides no facts to support her assertion that Defendants used her to conduct an illegal human experiment; accordingly, there is no predicate on which this Court can evaluate the claim. Indeed, the complaint provides no facts suggesting that the alleged actions of Defendants are even possible. Allegations such as these are legally classified as frivolous. *See Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional" (citation and internal quotation marks omitted)).

### B.   Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's irrational allegations that Defendants used her to conduct an illegal human experiment

---

[1] The Court quotes the complaint verbatim. All capitalization, punctuation, and wording are as in the original.

cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     Litigation History**

On July 21, 2022, Plaintiff filed this action and two others in this court, using the court's procedures for email filing by *pro se* litigants. *See Pedotti v. Putin*, ECF 1:22-CV-6220, 1 (S.D.N.Y.); *Pedotti v. Adler*, ECF 1:22-CV-6222, 1 (S.D.N.Y.).

Three days later, on July 24, 2022, Plaintiff filed two additional actions, using the Court's procedures for email filing by *pro se* litigants. *See Pedotti v. Adler*, ECF 1:22-CV-6288, 1 (S.D.N.Y.); *Pedotti v. Grand Lodge of the State of New York*, ECF 1:22-CV-6296, 1 (S.D.N.Y.).

Since filing these actions, Plaintiff has proceeded to email the court's filing inbox ten to twenty emails per day to submit what Plaintiff refers to as exhibits. These emails contain photographs of Plaintiff, some of which are explicit in nature and seemingly unrelated to the actions filed.

To address Plaintiff's emails, by order dated August 16, 2022, the Court directed Plaintiff to stop sending emails to the court's filing inbox that attempt to submit exhibits without an accompanying letter or motion. *See In Re Pedotti*, Nos. 22-CV-6199, 22-CV-6220, 22-CV-6222, 22-CV-6288, 22-CV-6296 (S.D.N.Y. Aug. 16, 2022). The Clerk of Court was directed to disregard Plaintiff's emails that do not comply with court procedures. (*Id.*)

Plaintiff is warned that further nonmeritorious or frivolous litigation in this Court will result in an order barring her from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's requests for permission to amend (ECF Nos. 4, 11-12) are denied as moot.

Plaintiff is warned that further nonmeritorious or frivolous litigation in this court may result in an order barring her from filing any new actions without prior permission. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   September 26, 2022
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge